IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **WARREN PASCHAL, JR.,** | : | |
| **Plaintiff,** | : | |
| VS. | : | NO. 4:19-CV-00068-CDL-MSH |
| **Sheriff DONNA TOMPKINS,** *et al.*, | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER

Presently pending before the Court are the claims of *pro se* Plaintiff Warren Paschal, Jr., who is currently incarcerated in the Muscogee County Jail in Columbus, Georgia. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 (ECF No. 1) and has moved for leave to proceed *in forma pauperis* in this action. The Court has reviewed Plaintiff's submissions and finds that Plaintiff's claims must be **DISMISSED without prejudice** for failing to comply with the Court's orders and instructions.

On December 26, 2019, Plaintiff was ordered to provide the Court with a certified copy of his prison trust fund account information or to provide the Court with specific information concerning Plaintiff's efforts to obtain his prison trust fund account statement. Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply would result in the dismissal of his Complaint. *See generally* Order, Dec. 26, 2019, ECF No. 17.

Plaintiff responded by asserting that a neighbor was going to lend him the $400.00 to pay the filing fee in this case. Attach. 1 to Mot. Proceed IFP 1, ECF No. 18-1. The

1

Court never received the filing fee, Plaintiff's trust account statement, or any information describing Plaintiff's efforts to obtain his trust account statement, as was previously ordered. As such, Plaintiff was ordered to respond and show cause why his lawsuit should not be dismissed for failure to comply. Plaintiff was given twenty-one (21) days to respond, and he was warned that failure to respond would result in the dismissal of his complaint. *See generally* Order, Feb. 3, 2020, ECF No. 19.

The time for compliance has passed, and despite filing a motion for "an order directing the defendant to produce and provide . . . a copy of all photographic and audiographic evidence" of the incident that forms the basis for his Complaint, Plaintiff has failed to respond to the Court's Show Cause Order. Mot. for Prod. 1-2, Feb. 4, 2020, ECF No. 20. Plaintiff has also failed to submit the filing fee, a certified copy of his prison trust fund account statement, or a description of his efforts to obtain his prison trust fund account information. Because of Plaintiff's failure to comply with the Court's instructions and orders, this action is **DISMISSED without prejudice.** *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam)

("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.1978)).  Plaintiff's remaining pending motions (ECF Nos. 10, 13, 16, 18, 20) are **DENIED as moot.**

      **SO ORDERED**, this 4th day of March, 2020.

                                        s/Clay D. Land
                                        CLAY D. LAND
                                        CHIEF U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA